UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN VALDEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF JUSTICE, )<br>)<br>Defendant. )<br>) | Civil Action No. 04-0950 (RMC) |

# MEMORANDUM OPINION

This matter is before the Court on defendant's motion for summary judgment. Having considered the motion, plaintiff's opposition, and the entire record of the case, the Court will grant summary judgment for defendant.

## I. BACKGROUND

In January 2004, pursuant to the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, plaintiff submitted a request for information to the United States Department of Justice, Drug Enforcement Administration ("DEA") for records pertaining to a confidential informant, Carlos Estudillo. Compl. ¶ 7. Mr. Estudillo testified at plaintiff's criminal trial. *Id.* Specifically, plaintiff sought:

> records of arrests, convictions, warrants, or other pending criminal cases, record of all case names, numbers, and judicial districts where he testified under oath, a list of the monies paid to him in his capacity as a DEA informant, all records of instances where DEA interviewed [sic] on his behalf to assist him in avoiding criminal prosecution and

1

>all records of administrative sanctions imposed on him for dishonesty, false claims, or other deceit.

Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mot."), Decl. of William C. Little ("Little Decl."), Ex. A (January 14, 2004 Freedom of Information and Privacy Act Request). The DEA declined to process plaintiff's request. *Id.*, Ex. B (January 22, 2004 letter from K.L. Myrick, Chief, Operations Unit, FOI/Records Management Section, DEA). Rather, based on Exemptions 6 and 7(C), "without confirming or denying the existence of records relating to Carlos Astudillo, the plaintiff was informed that proof of death or a release authorization was required before any information would be released." *Id*. ¶ 13. The DEA's response was upheld on administrative appeal. *Id.* ¶ 16 & Ex. E (March 17, 2004 letter from R.L. Huff, Co-Director, Office of Information and Privacy, U.S. Department of Justice).

DEA filed a motion to dismiss on September 7, 2004 [Dkt. #9], which the Court treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. In its April 19, 2005 Memorandum Opinion and Order [Dkt. #13], the Court granted summary judgment for DEA, concluding that the agency properly refused to confirm or deny the existence of responsive records. Further, the Court concluded that, if there were responsive records, those records properly could be withheld under Exemptions 6 and 7(C).

Plaintiff appealed, and the matter is again before the Court on remand from the United States Court of Appeals from the District of Columbia Circuit. *Valdez v. United States Dep't of Justice*, No. 05-5184, slip. op. at 1 (D.C. Cir. Jan. 12, 2006). The District of Columbia Circuit found that DEA neither conducted a search for records responsive to plaintiff's FOIA request, nor justified its decision to withhold records on the bases asserted. *Id.*

## II. ANALYSIS

*A. Summary Judgment Standard*

The Court grants a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."[1] *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims

---

[1] In support of its motion, defendant submits the declaration of William C. Little, Jr., an attorney assigned to the DEA's Office of Chief Counsel, Administrative Law Section. Little Decl. ¶ 2. His primary responsibilities are litigation matters under FOIA in which DEA is an interested party. *Id.* ¶ 3. In preparing his declaration, Mr. Little has read and is familiar with the complaint filed in this civil action, and he "personally conducted a litigation review of the contents of the file and records maintained by the DEA Freedom of Information Operations Unit (SARO)." *Id.* ¶ 10. SARO is the DEA office responsible for responding to, searching for, processing and releasing information requested under FOIA. *Id.* ¶ 11.

about the existence and discoverability of other documents.'" *SafeCard Serv., Inc. v. Sec. and Exchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

>   B.  *Plaintiff's FOIA Request*

It is clear that the only records plaintiff requests are those pertaining to a third party, Carlos Astudillo.  A proper FOIA request for records pertaining to a third party generally requires that the requester submit "either a written authorization signed by that individual permitting disclosure of those records to [the requester] or proof that that individual is deceased (for example, a copy of a death certificate or an obituary)." 28 C.F.R. § 16.3(a).  The record reflects that plaintiff submitted neither a privacy waiver executed by Mr. Astudillo nor proof of Mr. Astudillo's death.

>   C.  *The DEA's Glomar Response*

If a third party is the target of a FOIA request, the agency to which the FOIA request is submitted may provide a "Glomar" response, that is, the agency may refuse to confirm or deny the existence of records or information responsive to the FOIA request on the ground that even acknowledging the existence of responsive records constitutes an unwarranted invasion of the targeted individual's personal privacy. *Phillippi v. Cent. Intelligence Agency*, 546 F.2d 1009, 1014-15 (D.C. Cir. 1976) (CIA refused to confirm or deny existence of secret vessel, the "Glomar Explorer"); *see Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 893 (D.C. Cir. 1995).   Properly asserted, a Glomar response relieves an agency of its usual obligation to "provide detailed affidavits proving that it performed an adequate search for documents." *Greenberg v. United States Dep't of Treasury*, 10 F. Supp. 2d 3, 24 (D.D.C. 1998); *see Taylor v.*

*United States Dep't of Justice*, 257 F.Supp.2d 101, 112 (D.D.C. 2003) (where request is made solely for law-enforcement files, agency may simply 'Glomarize').

### 1. Exemption 7 and Law Enforcement Records

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm.  5 U.S.C. § 552(b)(7); *see Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 622 (1982).  In order to withhold materials properly under Exemption 7, an agency must establish that the records at issue were compiled for law enforcement purposes, and that the material satisfies the requirements of one of the subparts of Exemption 7.  *See Keys v. United States Dep't of Justice*, 830 F.2d 337, 340 (D.C. Cir. 1987); *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982).  In assessing whether records are compiled for law enforcement purposes, the "focus is on how and under what circumstances the requested files were compiled, and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Jefferson v. Dep't of Justice*, 284 F.3d 172, 176-77 (D.C. Cir. 2002) (citations and internal quotations omitted).

The DEA construed plaintiff's FOIA request "as a request for criminal investigative and disciplinary records related to a third party, and information relative to an individual's status as a confidential source." Little Decl. ¶ 17.  DEA declined to process the request, and neither confirmed nor denied the existence of responsive records.[2]  *See id.*  In the

---

[2] A Glomar response is different from a "no records" response. "DEA typically uses 'no record' as a response where, in fact, a search was undertaken and no records could be located based upon a requester's description of the record, the records in requested are not 'agency records,' or the information falls within FOIA (c)(1) or (c)(2) exclusions." Little Decl. ¶ 25. A "no records"
(continued...)

DEA's view, a Glomar response "provides the best protection to those individuals about whom records are sought . . . and does not mislead a requester." Little Decl. ¶ 25. In addition, the DEA provides a Glomar response "relative to requests for information related to the identity of and information provided by confidential sources." *Id.* ¶ 26.

The DEA, a component of the United States Department of Justice, investigates "incidences involving the trafficking in controlled substances, dangerous drugs and precursor chemicals and the violators who operate at interstate and international levels," among other law enforcement functions. Little Decl. ¶ 27. If records responsive to plaintiff's FOIA request exist, those records likely would be found in three systems of records. *Id.* ¶ 18. Investigative and disciplinary information related to Mr. Astudillo "is reasonably likely to be contained or maintained in the DEA Investigative Reporting and Filing System, JUSTICE/DEA-008 (IRFS), and/or the DEA Planning and Inspection Division Records, JUSTICE/DEA-010." *Id.* Information regarding Mr. Astudillo's status as a confidential source, "if any record exists, is reasonably likely to be found in the DEA Operations Files, JUSTICE/DEA-011." *Id.* Records in these systems, "to the extent that they involve possible criminal offenses, are criminal investigative records" which were "compiled during criminal law enforcement investigations by [the] DEA." *Id.* ¶ 28.

Given the nature of plaintiff's FOIA request and the descriptions of the systems of records where responsive records likely would be located, the Court concludes that any

---

[2](...continued)
response suggests to a requester than records do not exist, and thereby discourages him from obtaining "the necessary release authorization or proof of death[] in order to obtain otherwise releaseable information." *Id.*

responsive records would be law enforcement records. *See Burke v. United States Dep't of Justice*, No. 96-1739, 1999 WL 1032814, *5 (D.D.C. Sept. 30, 1999) (concluding from "plain language of [plaintiff's] FOIA request and the context in which he filed" it that he "specifically and exclusively sought investigative records compiled for purposes of law enforcement which mention the third parties").

2. Exemption 7(C) and Mr. Astudillo's Privacy Interest

Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(7)(C). In determining whether this exemption applies to particular material, the Court must balance the interest in privacy of individuals mentioned in the records against the public interest in disclosure. *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 776 (1989) (requiring court to "balance the public interest in disclosure against the interest Congress intended [Exemption 7(C)] to protect"); *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993). "The privacy interest at stake is substantial." *SafeCard Serv., Inc.*, 926 F.2d at 1205.

Individuals have a "strong interest in not being associated unwarrantedly with alleged criminal activity." *Stern v. Fed. Bureau of Investigation*, 737 F.2d 84, 91-92 (D.C. Cir. 1984). For this reason, the names of and identifying information about third parties who are mentioned in law enforcement records routinely are withheld. *E.g., Rugiero v. United States Dep't of Justice*, 257 F.3d 534, 552 (6th Cir. 2000) (concluding that agency properly withheld identifying information on agents, personnel, and third parties after balancing privacy interests

against public interest in disclosure); *Stern*, 737 F.2d at 93 (privacy interest of censured federal government employees "is paramount and protects their identities from being revealed").

"[S]imply confirming that DEA has records on the individual in its possession, in and of itself, would constitute a violation of an individual's privacy." Little Decl. ¶ 24. Documents found in the three systems of records relevant here "generally relate to and contain the names and other identifying information which would reveal the identity of and disclose personal information about individuals who were involved or associated with criminal activity. The release of such information can have a potentially stigmatizing or embarrassing effect on the individuals and cause them to be subjected to unnecessary public scrutiny and scorn." *Id.* ¶ 31.

Plaintiff notes that Mr. Astudillo was a witness who testified against him publicly at the criminal trial. Compl. ¶ 7; Pl.'s Opp'n at 4. He also alleges that Mr. Astudillo "works for the federal government," Compl. ¶ 14a, and that his status as a "public law enforcement officer" renders his "privacy interest [] somewhat reduced." Pl.'s Opp'n at 4. None of these circumstances undermines the assertion of Mr. Astudillo's privacy interest.

The fact that a third party testified publicly at trial does not diminish or waive his privacy interest. *See Jones v. Fed. Bureau of Investigation*, 41 F.3d 238, 247 (6th Cir. 1994) (law enforcement employee who chooses or is required to testify does not waive personal privacy); *Butler v. Drug Enforcement Admin.*, No. 05-1798, 2006 WL 398653, *4 (D.D.C. Feb. 16, 2006) (upholding Glomar response even though third parties are known to requester and testified at plaintiff's criminal trial); *Lardner v. United States Dep't of Justice*, No. 03-0180, 2005 WL 758267, *19 (D.D.C. Mar. 31, 2005) (concluding that name of witness who testified at public trial properly was withheld under Exemption 7(C)). Assuming without deciding that Mr.

Astudillo is a law enforcement officer, this status alone may diminish, but does not waive entirely, his privacy interest. *See, e.g., Stern*, 737 F.2d at 91 (withholding names of lower-level FBI employees under Exemption 7(C) as employee has "at least a minimal privacy interest in his [] employment history and job performance evaluations"); *Dunkelberger v. Dep't of Justice*, 906 F.2d 779, 781 (D.C. Cir. 1990) (recognizing FBI agent's "particular interest in not being associated unwarrantedly with the misconduct alleged" by the FOIA requester).

### 3. Public Interest in Disclosure

"[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Reporters Comm. for Freedom of the Press*, 489 U.S. at 773). The names of and identifying information about third parties in law enforcement records generally are protected unless disclosure "is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity." *SafeCard Serv., Inc.*, 926 F.2d at 1206. Here, plaintiff merely asserts that he has uncovered evidence "suggesting massive government misconduct." Compl. ¶ 15. His burden is much higher, however. Absent "evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred," *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004), he fails to demonstrate a public interest to outweigh Mr. Astudillo's privacy interest.

### III.  CONCLUSION

The Court concludes that DEA adequately justified its decision neither to confirm nor deny the existence of responsive records pertaining to Mr. Astudillo. Accordingly,

9

Defendant's summary judgment motion [Dkt. # 29] will be granted. A memorializing order accompanies this Memorandum Opinion.

/s/
ROSEMARY M. COLLYER
United States District Judge

Date: February 16, 2007